UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

SELENA MILAM,

        Plaintiff,

v.

CASHCALL, INC.,

        Defendant.

Case No. 5:13-cv-768

## COMPLAINT

SELENA MILAM (Plaintiff), by her attorneys, alleges the following against CASHCALL, INC., (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331.

3. Defendant conducts business in the State of North Carolina; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Garner, Wake County, North Carolina.

6. Defendant is a business entity with an office located at 1600 S Douglas Rd., Anaheim,

CA 92806.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Defendant places collection calls to Plaintiff seeking and attempting to collect on an alleged debt.

9. Defendant places collection calls to Plaintiff's cellular telephone at phone number 919-656-2059.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 773-634-8721, 803-335-1437, 214-453-5669, 919-401-3021, 513-331-7519, 404-921-3589, 706-956-0336, and 562-287-5532.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. On July 29, 2013 at approximately 8:45 A.M. Eastern Time, Plaintiff spoke with Defendant's representative, "Jose."

13. In the course of the telephone conversation on July 29, 2013, Plaintiff requested that Defendant cease placing collection calls to her cell phone and requested that Defendant correspond by mail only.

14. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on July 29, 2013.

PLAINTIFF'S COMPLAINT

15. Despite Plaintiff's request to cease, Defendant placed at least ninety-five (95) automated collection calls to Plaintiff.

16. Specifically, Defendant called Plaintiff as follows:

- August 3, 2013: one (1) call at 1:51pm
- August 4, 2013: two (2) calls at 9:50am, 4:15pm.
- August 5, 2013: one (1) call at 8:48am.
- August 7, 2013: two (2) calls at 8:55am, 4:55pm.
- August 8, 2013: two (2) calls at 5:14pm, 6:15pm.
- August 9, 2013: two (2) calls at 8:45am, 5:00pm.
- August 10, 2013: two (2) calls at 8:47am, 5:10pm.
- August 11, 2013: two (2) calls at 4:30pm, 5:14pm.
- August 12, 2013: two (2) calls at 8:50am, 5:40pm.
- August 13, 2013: two (2) calls at 8:15am, 5:00pm.
- August 14, 2013: two (2) calls at 9:00am, 3:00pm.
- August 15, 2013: one (1) call at 3:00pm.
- August 16, 2013: two (2) calls at 10:00pm, 4:00pm.
- August 17, 2013: two (2) calls at 9:00am, 4:00pm
- August 18, 2013: two (2) calls at 12:30pm, 4:00pm.
- August 19, 2013: two (2) calls at 10:00am, 4:30pm.
- August 20, 2013: two (2) calls at 9:00am, 5:00pm.
- August 21, 2013: five (5) calls at 8:45am, 4:51pm, 6:54pm, 7:13pm, 8:52pm.
- August 22, 2013: three (3) calls at 8:47am, 10:48am, 4:46pm.

- August 23, 2013: two (2) calls at 10:36am, 10:50am.

- August 24, 2013: two (2) calls at 4:57pm, 6:31pm.

- September 3, 2013: two (2) calls at 10:24am, 8:11pm.

- September 4, 2013: one (1) call at 10:25am.

- September 5, 2013: three (3) calls at 4:05pm, 7:05pm, 8:55pm.

- September 6, 2013: two (2) calls at 8:46am, 1:46pm.

- September 7, 2013: one (1) call at 8:49am.

- September 8, 2013: two (2) calls at 10:10am, 11:11am.

- September 9, 2013: two (2) calls at 8:47am, 1:35pm.

- September 10, 2013: two (2) calls at 8:47am, 6:08pm.

- September 11, 2013: two (2) calls at 10:05am, 8:05pm.

- September 12, 2013: two (2) calls at 9:03am, 7:48pm.

- September 13, 2013: two (2) calls at 9:05am, 7:48pm.

- September 14, 2013: one (1) call at 2:08pm.

- September 15, 2013: one (1) call at 1:08pm.

- September 16, 2013: one (1) call at 5:01pm.

- September 17, 2013: two (2) calls at 2:15pm, 7:47pm

- September 18, 2013: two (2) calls at 12:16pm, 7:20pm.

- September 19, 2013: two (2) calls at 8:40am, 8:25pm.

- September 20, 2013: two (2) calls at 1:47pm, 5:35pm.

- September 21, 2013: one (1) call at 1:05pm.

- September 22, 2013: one (1) call at 4:25pm.

- September 23, 2013: three (3) calls at 9:05am, 1:05pm, 4:21pm.

- September 24, 2013: one (1) call at 4:55pm.

- September 25, 2013: five (5) calls at 8:49am, 1:36pm, 4:19pm, 7:09pm, 8:48pm.

- September 26, 2013: three (3) calls at 4:20pm, 8:46pm, 8:49pm.

- September 28, 2013: two (2) calls at 9:32am, 1:07pm.

- September 30, 2013: two (2) calls at 2:32pm, 4:36pm.

- October 15, 2013: two (2) calls at 11:27am, 11:51am.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

1. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, SELENA MILAM, respectfully requests judgment be entered against Defendant, CASHCALL, INC. for the following:

3. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

4. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

5. All court costs, witness fees and other fees incurred; and

6. Any other relief that this Honorable Court deems appropriate.

Dated: November 1, 2013                     RESPECTFULLY SUBMITTED,


By: /s/ Christopher D. Lane

Christopher D. Lane, Esq.
NC Bar ID # 20302
3802-A Clemmons Road
Clemmons, NC 27012
Phone: 336 766-0229
Fax:  336 766-9145
cdllaw@juno.com

## DEMAND FOR JURY TRIAL

Please take note that Plaintiff, SELENA MILAM, requests a jury trial in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA

Plaintiff, SELENA MILAM states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SELENA MILAM hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

____10/9/13____                            ____[signature]____
Date                                        SELENA MILAM